IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

OLAJUWON SMITH                                                                                          PLAINTIFF

v.                                         Case No. 6:19-cv-06003

CHARLES L. LIGGETT, JR., M.D., M.B.A.
and ADAM CLARK                                                                                        DEFENDANTS

### ORDER

Now before the Court is the Report and Recommendation filed June 22, 2021, by the Honorable Mark E. Ford, Chief United States Magistrate Judge for the Western District of Arkansas. (ECF No. 104). Judge Ford recommends that Defendant Clark's Motion for Summary Judgment on the Merits (ECF No. 91) should be granted. Judge Ford also recommends that Defendant Dr. Liggett's Motion for Summary Judgment on the Merits (ECF No. 95) should be denied.

On July 30, 2021, Defendant Liggett filed objections to the Report and Recommendation and a Request to Recommit the Matter to the Magistrate Judge for Reconsideration. (ECF No. 107). Defendant Liggett raised eleven objections to the report and submitted three exhibits to support his objections (ECF Nos. 107-1, 107-2, and 107-3). On August 16, 2021, Plaintiff filed a response to Defendant Liggett's objections. (ECF No. 108). Neither party raised objections to the section of the Report and Recommendation addressing the claims against Defendant Clark.

The Report and Recommendation lists several genuine issues of material fact that preclude summary judgment: (1) "when Dr. Liggett knew Plaintiff's knee was fractured, and whether the fracture should have been treated as an urgent condition requiring Plaintiff to be taken for an emergency hospital consult" (ECF No. 104 at 13); (2) "whether surgery was indicated to treat Plaintiff's double knee fracture" (*id.* at 14); (3) "whether Dr. Liggett wrote a notification of diagnostic test results stating that Plaintiff needed no further clinical follow-up after reviewing Plaintiff's radiology report on August 16, 2018" (*id.* at 15); (4) "whether the delay in taking Plaintiff to an outside orthopedic surgeon adversely affected the medical

1

prognosis for his double knee fracture" (*id.* at 16); (5) "which physician oversaw Plaintiff's care at which point in time" (*id.* at 17).

As stated in the Report and Recommendation, the deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). To show that he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted). For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials "ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). However, unless the need for medical attention is obvious to a layperson, the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub*, 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment,

coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

Here, Plaintiff asserts that Defendant Liggett was deliberately indifferent on two separate occasions. The first occasion was the initial examination on August 9, 2018. Upon review of Plaintiff's medical records, it appears that Defendant Liggett did examine Plaintiff and did order x-ray imaging of the Plaintiff's knee. (ECF No. 97-1). The second occasion was when Defendant Liggett reviewed the radiological report on August 16, 2018 and referred Plaintiff to an outside medical provider for the knee fracture. Plaintiff's visit was on September 7, 2018. However, Plaintiff alleges that the referral should have been an emergency, so he could have been seen earlier.

The Court agrees with the report for finding that the objective prong was met. However, there is no evidence that the subjective prong was met against Defendant Liggett proving that he was deliberately indifferent. Defendant Liggett's actions may have constituted medical malpractice. However, his exercise of medical judgment—when reviewing the x-rays on August 9, 2018 and not labeling plaintiff's condition as an emergency on August 16, 2018—does not rise to the level of deliberate indifference. Accordingly, Dr. Liggett's motion for summary judgment should be granted.

Neither party has filed objections to the section of the Report and Recommendation addressing the claims against Defendant Clark, and the time to object has passed. *See* 28 U.S.C. § 636(b)(1). Upon review, the Court finds that this section of the report is without clear error and should be and hereby is adopted *in toto*. Upon review, the Court finds that the rest of the report should be and hereby is adopted as corrected. In addition, Defendant Liggett's Request for Reconsideration is **DENIED**.

Accordingly, it is hereby **ORDERED**:

3

1. The motion for summary judgment on the merits (ECF No. 91) is **GRANTED** as to all claims against Defendant Clark.  Plaintiff's claim for denial of access to the courts is **DISMISSED WITH PREJUDICE**.

2. The motion for summary judgment on the merits (ECF No. 95) is **GRANTED** as to the claim against Defendant Liggett.  Plaintiff's claim for deliberate indifference is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 24th day of August 2021.

/s/ Robert T. Dawson

**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**